## LOCKHART v. SEVERANCE.

JUDGMENT—COSTS.—Where a judgment of the Supreme Court provides that a plaintiff shall pay to defendant a sum certain upon the performance of certain acts by defendant, it is error for the Circuit Court to require the defendant to accept such amount less the costs in the action taxed against him.

Before GAGE, J., Florence, June, 1900. Modified.

Action by W. J. Lockhart against R. C. Severance. From Circuit order enforcing judgment of Supreme Court, defendant appeals.

*Mr. W. F. Clayton,* for appellant.

*Messrs. Wilcox & Wilcox,* contra.

March 10, 1902. The opinion of the Court was delivered by

MR. JUSTICE JONES. This appeal involves a construction of the judgment of this Court announced in a former appeal herein, 57 S. C., 131, in these words: "The judgment of the Circuit Court is reversed and the case remanded, with the judgment of this Court that the defendant specifically perform his contract by executing to plaintiff a quit claim deed of the said premises, upon the payment by plaintiff to defendant of the sum of $125, and for any proceedings proper or necessary to enforce this judgment." After remittitur and upon the call of the case, the Circuit Court, on motion of the attorneys for the plaintiff and over the objection of defendant's attorney, passed the following order: "*It is ordered, adjudged and decreed,* that the plaintiff, within two weeks from the date of this order, deposit with the clerk of this Court the sum of $125; that the defendant, within two weeks from the date of this order, deposit with the clerk of this Court a quit claim deed duly executed, conveying to plaintiff the premises described in the complaint; and that

the clerk of this Court deliver said deed to the plaintiff, and that he pay out of the sum so paid the cost of this action, and that the balance thereof be paid to defendant. I conceive the order of the Supreme Court to be purely administrative, and, therefore, permissive of this order."

It is excepted by defendant, appellant, that the Circuit Court erred in holding that the judgment of this Court was merely administrative, and in requiring the cost of the case to be paid out of the money which it was adjudged should be paid to the defendant. We think appellant's exceptions must be sustained. The judgment of this Court on the former appeal was that defendant should execute the deed to plaintiff upon the payment by plaintiff to him of a specified sum, viz: $125; whereas, the judgment of the Circuit Court requires the defendant to receive a less sum, the balance of $125 remaining after the payment of the costs of the action.

The judgment of the Circuit Court is, therefore, so modified as to require the clerk of the Court to pay over to the defendant the whole amount of $125 which plaintiff has deposited or shall deposit with him pursuant to said order, without deduction of the costs of the action.